IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GABRIELLE TAITE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-3475-K-BN |
| | § | |
| CUMULUS MEDIA, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER REGARDING SUBJECT MATTER JURISDICTION**

Plaintiff Gabrielle Taite filed a *pro se* lawsuit against Defendant Cumulus Media in a Dallas County, Texas state court alleging claims for hostile work environment and retaliation. *See* Dkt. No. 1-1 at 9-15.

An entity identified as WBAP-KSCS Assets, LLC ("WBAP") removed this lawsuit alleging that it is the properly named defendant and that the Court has subject matter jurisdiction based on the existence of a federal question and diversity of citizenship. *See* Dkt. No. 1; 28 U.S.C. §§ 1331 & 1332.

United States District Judge Ed Kinkeade referred the removed lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And Judge Kinkeade entered an order on October 6, 2026 that points out defects in WBAP's notice of removal – including that the notice fails to properly allege subject matter jurisdiction under Section 1332. *See* Dkt. No. 3.

The undersigned will add to those jurisdictional concerns that the notice fails

to properly allege the existence of a federal question in the state court petition.

According to WBAP, it does not matter that Taite "does not identify under which specific law, whether state or federal, she asserts claims" because she

> attaches the Notice of Right to Sue issued by the Equal Employment Opportunity Commission ("EEOC"). [Pet. at 5-6]. The EEOC is a federal agency that enforces the laws regarding discrimination or retaliation based on a protected characteristic, such as Title VII of the Civil Rights Act of 1964. Because Plaintiff asserts claims of hostile work environment and retaliation and attaches her Notice of Right to Sue issued by the EEOC, thus Plaintiff's claims fall under the same federal statutes enforced by the EEOC and this Court has jurisdiction.

Dkt. No. 1, ¶ 8.

The general rule is that "[t]he plaintiff is 'the master of her complaint,' and, as such, a determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint." *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001) (cleaned up).

So, "[w]hen a plaintiff has a choice between federal and state law claims, she may proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove." *Id.* (cleaned up).

And "[i]t makes no difference whether the state law cause of action may ultimately not be viable or that a federal law claim might be more likely to succeed – if a plaintiff files a petition in state court alleging wholly state claims in a non-preempted field, the viability of the plaintiff's state law claims is a matter for a Texas state court to decide." *Preston v. Mossbarger*, No. 3:15-cv-1903-N, 2015 WL 4742549, at *3 (N.D. Tex. Aug. 10, 2015); *cf. Carter v. Qwick Inc.*, No. 3:24-cv-1090-S-BN, 2025 WL 2405202, at *2 (N.D. Tex. July 8, 2025) ("That Qwick removed this lawsuit based

solely on Section 1332 makes sense considering that Carter asserted a state law defamation claim and a claim for employment discrimination that failed to invoke as a basis a federal statute." (citing *Preston*, 2015 WL 4742549, at *3)), *rec. accepted*, 2025 WL 2402079 (N.D. Tex. Aug. 19, 2025).

WBAP has not shown that that general rule is abrogated – nor plausibly alleged the existence of a federal question where no federal statute is invoked – just because the plaintiff attaches an EEOC right-to-sue letter to a state court petition.

True, the EEOC and the Texas Workforce Commission ("TWC") (and its predecessor, the Texas Commission on Human Rights ("TCHR"), before) have entered into a worksharing agreement, and, "[b]ecause of this agreement, and only under certain circumstances, 'when a complainant files her initial charge with the EEOC, her charge will also be considered filed with the [TWC].'" *Bunker v. Dow Chem. Co.*, 111 F.4th 683, 686 (5th Cir. 2024) (quoting *Vielma v. Eureka Co.*, 218 F.3d 458, 462-63 (5th Cir. 2000)).

Still, "while the coordinated efforts of the EEOC and state agencies are complicated and sometimes overlapping, the [United States] Supreme Court has observed that the limitations periods for federal and state anti-discrimination claims are independent." *Vielma*, 218 F.3d at 464 (concluding that, "in the absence of any clear statutory command to the contrary, we cannot agree with the district court that an EEOC 'right to sue' letter is interchangeable with a TCHR 'right to file a civil action' letter and thus capable of triggering the TCHRA's sixty-day filing period"); *see also Bunker*, 111 F.4th at 686-88 (concluding that "filing an EEOC charge with no

indication that the TWC should receive the charge" would not satisfy "the TCHRA's filing requirements").

And, while these cases do not squarely address the question posed by the notice of removal here, they do show that, while courts often analyze such claims in tandem, litigants still may choose to bring anti-discrimination claims under either federal or state law or both and that different rules apply to properly bringing such claims into court.

So, for example, it's just as plausible on the record now before the Court that, even if Taite presented federal anti-discrimination claims to the EEOC (and received a right-to-sue letter from the EEOC), she decided to only bring parallel state claims in state court. And, so, removal would not be proper under 28 U.S.C. § 1331.

And, for the reasons set out in the October 6 order and above, it has not been shown that the Court possesses subject matter jurisdiction.

But a removing defendant may amend its notice of removal as the law allows. *See A & C Disc. Pharmacy L.L.C. v. Prime Therapeutics LLC*, No. 3:16-cv-429-D, 2016 WL 3194332, at *4 (N.D. Tex. June 9, 2016) ("A defendant may freely amend a notice of removal within the 30-day period set out in 28 U.S.C. § 1446(b). Thereafter, a defendant may amend only to set forth more specifically the jurisdictional grounds for removal that were imperfectly stated in the original notice." (citations omitted)).

SO ORDERED.

DATE: October 9, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE